**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY**

| | |
|---|---|
| DR. JANE DOE, | Case No. 5:26-cv-00141 |
| Plaintiff, | Judge |
| v. | |
| KATHY WITT, et al., | |
| Defendants. | |

**PLAINTIFF DOE'S MOTION FOR PERMISSION TO PROCEED UNDER PSEUDONYM**

Plaintiff Jane Doe respectfully moves for leave to proceed under a pseudonym. This action challenges Fayette County's removal of Dr. Doe's hijab during booking, photographing her without it, and retention of the photograph in the Fayette County Department of Corrections Database. Because the claims require disclosure of deeply personal religious practices and circumstances involving compelled removal of modesty garments in the presence of male officers, public identification would substantially aggravate the very harms alleged. Dr. Doe therefore requests permission to proceed under pseudonym.

### BACKGROUND

Dr. Doe challenges the actions and policies of the Fayette County Detention Center in removing her hijab during booking and retaining an uncovered booking photograph in a government database, in violation of her religious beliefs. Jane Doe is a Muslim woman and resident of Lexington, Kentucky. Verified Compl. ¶ 16. In accordance with her sincerely held religious beliefs, she wears a hijab, a headscarf covering her hair and neck, whenever she is in the presence of men outside her family. *Id.* at ¶ 22, 23. Her faith also requires her to dress modestly by covers her legs, arms, and torso. *Id.* at ¶ 39. Being seen or photographed without her hijab and

25769366v1

modest clothing in a mixed-gender setting constitutes a serious religious violation and a deeply humiliating experience. *Id.* at ¶ 22.; *see Khatib v. Cnty. of Orange*, 639 F.3d 898, 907 (9th Cir. 2011) (Gould, J., concurring) ("A Muslim woman who must appear before strange men she doesn't know, with her hair and neck uncovered in a violation of her religious beliefs, may feel shame and distress.").

Late July 17, 2023, Dr. Doe was arrested and transported to the Fayette County Detention Center in Lexington, Kentucky. Verified Compl. at ¶ 24. During booking, officers required her to remove her hijab despite her religious objections. *See Id.* at ¶¶ 27-31. She was seen by several men without her hijab and photographed. *See Id.* at ¶¶33-36. The uncovered photograph was uploaded to and retained in a Fayette County database accessible to correctional personnel. *See Id.* at ¶36. The continued retention and accessibility of that photograph perpetuate the religious injury and humiliation she experienced during booking. *See Id.* at ¶¶22, 38.

## LEGAL STANDARD

Federal Rule of Civil Procedure 10(a) requires that "every pleading" name all parties." However, may permit a party to proceed under a pseudonym where the plaintiff's "privacy interests substantially outweigh the presumption of open judicial proceedings." *Doe v. Porter,* 370 F.3d 558, 560 (6th Cir. 2004). The decision lies within the Court's discretion and is guided by four factors: 1) whether the plaintiff challenges governmental activity; 2) whether the litigation require s disclosure of information of the utmost intimacy; 3) whether the plaintiff would be compelled to admit an intent to engage in illegal conduct, whereby risking criminal prosecution; and 4) whether the plaintiff is a minor. *Porter*, 370 F.3d at 560 (referencing *Doe v. Stegall*, 653 F.2d 180, 185-186 (5th Cir. 1981)).

Courts also consider whether anonymity would prejudice the defendants' ability to mount a defense. *Porter*, 370 F.3d at 561. As set forth below, the relevant factors tilt heavily in favor of permitting Dr. Doe to proceed under pseudonym.

<u>**ARGUMENT**</u>

Under the *Stegall* factors, the Court should protect Plaintiff Jane Doe's identity by permitting her to proceed under a pseudonym and entering a protective order requiring that identifying documents be filed under seal. Public disclosure of the violation of Dr. Doe's sincerely held religious beliefs would risk revealing information of the utmost intimacy to Plaintiff. *See Stegall*, 653 F.2d at 185. This action challenges governmental activity and presents no risk of prejudice to Defendants through anonymized filings. *See Id.* Under these circumstances, Dr. Doe respectfully requests that the Court grant her motion.

**I.      Doe is seeking to pursue a suit against governmental activity.**

*Stegall* directs courts to consider whether the individual seeking anonymity is challenging governmental activity. Here, Plaintiff brings suit against county officers in their official capacity for violations of her First Amendment rights and related constitutional protections arising from her booking and detention.

**II.      The pursuit of the lawsuit will compel disclosure of information of the utmost intimacy.**

The second *Stegall* factor weighs in favor of anonymity where litigation requires disclosure of highly personal or intimate matters. *Id.* at 186. The Fifth Circuit has recognized that religion is a "quintessentially private matter." *Id.*

Dr. Doe's claims arise from the compelled removal of her hijab and the taking and retention of an uncovered booking photograph in the presence of male officers. *See* Verified Compl. at ¶¶ 34-37; Ex. A. She alleges that appearing without her hijab in a mixed-gender setting constitutes a

serious religious violation and a humiliating and defiling experience. *Id.* at ¶ 22; Ex. A. Public disclosure of her identity would directly link her name to the uncovered booking photograph that remains in the County's possession. She alleges that the photograph is stored in a government database accessible to correctional personnel, including male officers, and may be subject to public records disclosure. Verified Compl. ¶ 38. Associating her identity with that image would amplify and perpetuate the very religious violation at issue by increasing the likelihood of further exposure and recognition. The harm is therefore not limited to past humiliation; it is ongoing and capable of repetition so long as the photograph remains accessible.

Accordingly, the second *Stegall* factor weighs in favor of permitting pseudonym status.

### III.     The pursuit of this action does not require Plaintiff to admit an intent to violate the law.

The third *Stegall* factor considers whether a plaintiff would be compelled to admit an intention to engage in illegal conduct, thereby risking criminal persecution. *See Doe v. Stegall,* 653 F.2d 180, 185 (5th Cir. 1981).

That circumstance is not present here. Dr. Doe does not seek to conceal unlawful conduct; rather, she challenges the constitutionality of governmental actions taken against her.

However, the Sixth Circuit has recognized that even where no illegal conduct is admitted, disclosure of deeply held religious beliefs may subject a plaintiff to opprobrium comparable to that associated with criminal wrongdoing. *Doe v. Porter,* 370 F.3d 558, 560 (6th Cir. 2004) (quoting *Stegall,* 653 F.2d at 186). Because Dr. Doe's claims require public identification of her religious practices and the alleged compelled exposure of her uncovered hair in violation of those practices, this factor does not weigh against anonymity.

### IV.     Dr. Doe's status as an adult does not preclude pseudonym status.

25769366v1

Courts consider minority as a factor weighing in favor of anonymity. *See Doe v. Stegall, 653 F.2d 180, 185-186 (5th Cir. 1981).* Although Dr. Doe is an adult, the absence of minority status does not outweigh the other factors supporting anonymity in this case. Her age should not negate the Court's authority to permit her to proceed under a pseudonym. *See Id.*

### V.    Compelled disclosure of Dr. Doe's identity would substantially aggravate the religious injury alleged.

As discussed above, Dr. Doe's claims arise from the compelled removal of her hijab and the taking and retention of an uncovered booking photograph in a government database. *See* Verified Compl. ¶ ¶ 35-37. Courts recognize that religion is a "quintessentially private matter." *See Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981). The alleged injury here concerns exposure of uncovered hair in violation of religious modesty obligations and the continuing retention of that image by the government.

Public identification of Dr. Doe would link her name to the uncovered photograph and increase the likelihood of further exposure and recognition. Because the photograph is retained in a database accessible to correctional personnel and may be subject to disclosure of public records, the risk of repeated or expanded dissemination is concrete. Associating her identity with that image would perpetuate the alleged religious violation and intensify the humiliation and mental anguish.

Under these circumstances, anonymity is necessary to prevent amplification of the very harm this lawsuit seeks to remedy.

### VI.    Defendants face no risk of prejudice from anonymized proceedings.

The Defendants incur no risk of harm or unfairness if Doe is permitted to proceed anonymously. Anonymous lawsuits against government parties may be considered to present lessor risk of reputational damage than those against private parties. *See Doe v. Doe*, 85 F.4th 206,

25769366v1

215 (4th Cir. 2023). Relevant factors to consider include whether anonymity would impair a defendant's ability to mount defense or otherwise create unfair prejudice *Id.* at 216.

No such risk exists here. All defendants are government officials sued in their official capacities for actions taken pursuant to official policy. Dr. Doe does not seek to withhold her identity from Defendants. Upon entry of an appropriate protective order, Dr. Doe will provide Defendants' counsel with her full name and unredacted versions of the declaration and Verified Complaint. Permitting pseudonym status on the public docket will not impede Defendants' ability to defend this action.

### CONCLUSION

For the reasons set forth above, Plaintiff Jane Doe faces a substantial risk of ongoing religious injury and dissemination of deeply personal information if required to proceed under her legal name on the public docket.

WHEREFORE, Plaintiff respectfully moves this Honorable Court to grant her Motion for Permission to Proceed Under Pseudonym, permit omission of her residence information from the case caption, and enter an appropriate protective order directing that identifying documents be filed under seal.

Dated: April 22, 2026                    Respectfully submitted,


                                         */s/ Roula Allouch*
                                         Roula Allouch (0081922)
                                         BRICKER GRAYDON WYATT LLP
                                         312 Walnut Street, Suite 1800
                                         Cincinnati, OH 45212
                                         Tel: (513) 629-2805
                                         Fax: (513) 651-3836
                                         Email: rallouch@bricker.com

25769366v1

/s/ Lena F. Masri
Lena F. Masri*
Gadeir Abbas*
Nora Elmubarak*
CAIR Legal Defense Fund
453 New Jersey Ave., S.E.
Washington, DC 20003
Phone: (202) 742-6420
Fax: (202) 488-0833
lmasri@cair.com
gabbas@cair.com
nelmubarak@cair.com

*Attorneys for Plaintiff*
*pro hac vice application pending

25769366v1